UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 10289



--------------------------------------------------------------x

VIKTOR GEROCZI,

                     Plaintiff,

      -against-

**COMPLAINT AND JURY
DEMAND**

THE NEW YORK CITY DEPARTMENT OF EDUCATION,
HOYT TRANSPORTATION CORP. and PHILIP B.
DEMARCO,

                     Defendants.

--------------------------------------------------------------x

       Plaintiff, by his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. <u>NATURE OF THE CASE</u>

       1.) This is an action for injuries sustained by plaintiff as a result of the negligence of defendants herein on March 8, 2007.

## II. <u>JURISDICTION AND VENUE</u>

       2.) Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

       3.) The amount in controversy herein exceeds $75,000.00, exclusive of costs.

       4.) Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

### III. <u>THE PARTIES</u>

5.) At all times mentioned herein, plaintiff VIKTOR GEROCZI, was and still is a citizen and resident of Hungary.

6.) At all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

7.) At all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION, was and still is a public authority, created, organized and existing under and by virtue of the laws of the State of New York.

8.) At all times herein mentioned, the defendant HOYT TRANSPORTATION CORP. was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Kings and the State of New York.

9.) At all times herein mentioned, the defendant PHILIP B. DEMARCO at all times herein mentioned was and still is a resident of the County of Richmond and the State of New York.

### IV. <u>PROCEDURAL HISTORY</u>

10.) Prior to the commencement of this action, a Notice of Claim in writing was served on behalf of VIKTOR GEROCZI, upon defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, in accordance with Section 50-e of the General Municipal Law.

11.) Prior to the commencement of this action, notice of the intention of VIKTOR GEROCZI to commence an action, unless the claim presented was adjusted within the prescribed

2

time as set forth by applicable law to adjust such claims, was served on behalf of VIKTOR GEROCZI upon defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION.

12.) Although more than thirty (30) days have elapsed since service of such notice of claim, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION have neglected and refused to pay said claim or adjust same.

13.) A hearing pursuant to General Municipal Law 50-h has been held.

14.) This action is commenced within one (1) year and ninety (90) days from March 8, 2007, the date the subject accident occurred.

## V. <u>FACTUAL ALLEGATIONS</u>

15.) On March 8, 2007, plaintiff VIKTOR GEROCZI was the owner and operator of a certain automobile, bearing Connecticut State license plate number 528RLS.

16.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION was the registered owner of a certain automobile, bearing New York State license plate number 31365SL.

17.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION was the titled owner of a certain automobile, bearing New York State license plate number 31365SL.

18.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION was the lessee of a certain automobile, bearing New York State license plate number 31365SL.

3

19.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION was the lessor of a certain automobile, bearing New York State license plate number 31365SL.

20.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION maintained a certain automobile, bearing New York State license plate number 31365SL.

21.) On March 8, 2007, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION controlled a certain automobile, bearing New York State license plate number 31365SL.

22.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. was the registered owner of a certain automobile, bearing New York State license plate number 31365SL.

23.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. was the titled owner of a certain automobile, bearing New York State license plate number 31365SL.

24.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. was the lessee of a certain automobile, bearing New York State license plate number 31365SL.

25.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. was the lessor of a certain automobile, bearing New York State license plate number 31365SL.

26.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. maintained a certain automobile, bearing New York State license plate number 31365SL.

27.) On March 8, 2007, defendant HOYT TRANSPORTATION CORP. controlled a certain automobile, bearing New York State license plate number 31365SL.

4

28.) On March 8, 2007, defendant PHILIP B. DEMARCO was the registered owner of a certain automobile, bearing New York State license plate number 31365SL.

29.) On March 8, 2007, defendant PHILIP B. DEMARCO was the titled owner of a certain automobile, bearing New York State license plate number 31365SL.

30.) On March 8, 2007, defendant PHILIP B. DEMARCO was the lessee of a certain automobile, bearing New York State license plate number 31365SL.

31.) On March 8, 2007, defendant PHILIP B. DEMARCO. was the lessor of a certain automobile, bearing New York State license plate number 31365SL.

32.) On March 8, 2007, defendant PHILIP B. DEMARCO maintained a certain automobile, bearing New York State license plate number 31365SL.

33.) On March 8, 2007, defendant PHILIP B. DEMARCO controlled a certain automobile, bearing New York State license plate number 31365SL.

34.) On March 8, 2007, defendant PHILIP B. DEMARCO, was the operator of a certain automobile, bearing New York State license plate number 31365SL.

35.) On March 8, 2007, the automobile bearing New York State license plate number 31365SL was being operated by defendant PHILIP B. DEMARCO, with the express knowledge, consent and/or on the business of its owner.

36.) On March 8, 2007, the automobile bearing New York State license plate number 31365SL was being operated by defendant PHILIP B. DEMARCO, with the express knowledge, consent and/or on the business of defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION.

37.) On March 8, 2007, the automobile bearing New York State license plate number 31365SL was being operated by defendant PHILIP B. DEMARCO, with the express knowledge, consent and/or on the business of defendant HOYT TRANSPORTATION CORP.

38.) On March 8, 2007, the vehicle bearing New York State license plate number 31365SL and operated by defendant PHILIP B. DEMARCO, came in contact with the vehicle operated by plaintiff VIKTOR GEROCZI, at or near at the southbound FDR Drive, with its intersection south of 34th Street, New York, New York.


## VI. <u>FIRST CAUSE OF ACTION</u>

39.) The allegations of the preceding paragraphs are repeated here as if fully stated.

40.) Plaintiff was injured due to defendant's negligence, carelessness and recklessness as stated herein.

41.) Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

42.) As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

43.) The damages sought in this action exceed the jurisdictional limits of all the lower courts which would otherwise have jurisdiction.

6

## VII. DEMAND FOR JURY TRIAL

44.) Plaintiff demands a trial by jury for this action.

WHEREFORE, plaintiff herein demand judgement against defendants on the first cause of action, together with the costs and disbursements of this action, in an amount which is commensurate with the injuries sustained herein.

Dated: White Plains, New York
      November 7, 2007

                    By: Peter Ronai (PR-3228)
                  RONAI & RONAI, L.L.P.
                  Attorneys for Plaintiff
                  34 Adee Street
                  Port Chester, New York 10573
                  (914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


VIKTOR GEROCZI,

     Plaintiff,



  -against-


THE NEW YORK CITY DEPARTMENT OF EDUCATION, HOYT TRANSPORTATION CORP. and PHILIP B. DEMARCO,

     Defendants.



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _


## COMPLAINT AND JURY DEMAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
34 Adee Street
Port Chester, New York 10573
914-824-4777